UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PAYCHEX, INC.,

              Plaintiff,          **DECISION AND ORDER**

  v.
                                                6:22-CV-06411 EAW

CAYTRANS BBC LLC,

              Defendant.
_____

# INTRODUCTION

Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (the "FAA"), plaintiff Paychex, Inc. ("Paychex") moves for confirmation of an arbitration award dismissing all claims brought by defendant Caytrans BBC LLC ("Caytrans") in connection with a dispute regarding an agreement between Paychex and non-party Dan-Gulf Shipping, Inc. ("Dan-Gulf"). (Dkt. 2). For the reasons set forth below, the Court grants Paychex's motion.

# BACKGROUND

In February of 1997, Dan-Gulf and Paychex entered into an agreement (the "Agreement") whereby Paychex was to provide Dan-Gulf with payroll and payroll-related services. (Dkt. 1-1 at 2). The Agreement contained an arbitration clause providing that any dispute arising out of or in connection therewith would be resolved in accordance with the rules of the American Arbitration Association (the "AAA"). (*Id.*).

Notwithstanding the arbitration clause, in August of 2019, Dan-Gulf sued Paychex in Louisiana state court. (*Id.*). Paychex moved to compel arbitration, and the Louisiana state court granted Paychex's motion in August of 2020. (*Id.*). Later that same month,

Dan-Gulf filed a demand for arbitration under the AAA's Commercial Arbitration Rules. (*Id*.). In January of 2021, the arbitration panel granted Paychex permission to file a dispositive motion, and Paychex filed a motion to dismiss. (*Id*. at 2-3).

In March of 2021, Caytrans, which is affiliated with Dan-Gulf through common ownership and for which Dan-Gulf served as managing agent with respect to financial, accounting, and management functions, filed a submission to arbitration and moved to intervene in the arbitration. (*Id*. at 3). In May of 2021, the arbitration panel granted Caytrans' motion, affording it the status of "Intervenor-Claimant." (*Id*.). The arbitration panel further directed Paychex to re-file its motion to dismiss to also address Caytrans' claims. (*Id*.). Following "extensive briefing" and oral argument (*id*. at 3), the arbitration panel issued a decision and order on September 29, 2021, in which it dismissed all of Caytrans' claims against Paychex and all but one of Dan-Gulf's claims against Paychex (*id*. at 18-19). The arbitration panel contemporaneously entered a Partial Final Award (the "PFA") dismissing all of Caytrans' claims against Paychex. (*Id*. at 20-21). Caytrans did not seek to challenge the PFA and the time to do so has expired. (Dkt. 2-1 at 3).

Paychex commenced the instant action on September 27, 2022, by filing a petition to confirm the arbitration award (Dkt. 1) and a motion for confirmation (Dkt. 2). Caytrans was served on November 16, 2022 (Dkt. 5), and again on December 19, 2022 (Dkt. 6), but did not appear or respond in any fashion to the petition and motion for confirmation. On February 27, 2023, Paychex sought a Clerk's entry of default (Dkt. 7), which was entered on February 28, 2023 (Dkt. 8).

**DISCUSSION**

"The FAA provides a 'streamlined' process for a party seeking a 'judicial decree confirming an award, an order vacating it, or an order modifying or correcting it.'" *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quotations and citations omitted). "Courts . . . play only a limited role when asked to review the decision of an arbitrator, and only a very narrow set of circumstances delineated by statute and case law permit vacatur." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007) (quotations and citations omitted).

Paychex has demonstrated that confirmation of the PFA is warranted in this case. First, Paychex has adequately demonstrated that subject matter jurisdiction exists, because there is diversity of citizenship and the amount in controversy exceeds $75,000. (Dkt. 1 at ¶¶ 7-9); *see Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) ("The FAA does not independently confer subject matter jurisdiction on the federal courts. There must be an independent basis of jurisdiction before a district court may entertain petitions to confirm or vacate an award under the FAA." (quotations, citations, and alteration omitted)).

Second, Paychex has demonstrated that this Court is a proper venue for the petition. The FAA provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. A party may consent to judicial confirmation of an arbitral award by agreeing for arbitration "to be conducted pursuant to AAA rules," because the AAA's rules state that "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." *Idea Nuova, Inc. v. GM Licensing Grp., Inc.*, 617 F.3d 177, 181 (2d Cir. 2010) (citation omitted and alteration in original); *see also Nat'l Cas. Co. v. Resolute Reinsurance Co.*, No. 15CV9440 (DLC), 2016 WL 1178779, at *4 (S.D.N.Y. Mar. 24, 2016) ("Consent to confirmation may be explicit or it may be implied from the language of the arbitration agreement, the parties' conduct, or both.").

In this case, Caytrans affirmatively intervened in the AAA arbitration between Paychex and Dan-Gulf, which was conducted under the AAA's rules pursuant to the Agreement. On these facts, the Court concludes that Caytrans consented to judicial confirmation of the PFA. Further, the arbitration was venued, and the PFA was made, in Rochester, New York, which is within this judicial district. (*See* Dkt. 1 at ¶ 16).

Finally, the PFA has not been vacated, modified, or corrected, nor is there any other apparent basis for the Court not to confirm it. Notably, the fact that the PFA only disposed of the claims between Caytrans and Paychex and not the claims between Dan-Gulf and

Paychex is not a barrier to confirmation. *See Adult Use Holdings Inc. v. FaZe Clan Inc.*, 631 F. Supp. 3d 174, 182 (S.D.N.Y. 2022) ("The Second Circuit has . . . explain[ed] that an award that finally and conclusively disposes of a separate independent claim may be confirmed even if it does not dispose of all the claims that were submitted to arbitration." (original alteration and internal quotation marks omitted and quoting *Kerr-McGee Ref. Corp. v. M/T Triumph*, 924 F.2d 467, 471 (2d Cir. 1991))). The Court will accordingly confirm the PFA.

## CONCLUSION

For the foregoing reasons, the Court grants Paychex's motion to confirm the PFA. (Dkt. 2). Specifically, the Court confirms the Partial Final Award rendered on September 29, 2021, in the arbitration entitled *Dan-Gulf Shipping, Inc., Claimant, and Caytrans BBC LLC, Intervenor-Claimant, against Paychex, Inc., Respondent*, Case No. 01-20-0014-6517. The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   July 31, 2023
         Rochester, New York